# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STEPHANIE L. CAMPBELL HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-11-455-SPS |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of the Social | ) | |
| Security Administration,[1] | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

The claimant Stephanie L. Campbell Hall requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining that she was not disabled. For the reasons set forth below, the Commissioner's decision is hereby REVERSED and REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Colvin is substituted for Michael J. Astrue as the Defendant in this action.

such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he

---

[2] Step One requires the claimant to establish that she is not engaged in substantial gainful activity. Step Two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity ("RFC") to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born February 22, 1979, and was thirty-two years old at the time of the most recent administrative hearing. (Tr. 54, 1027). She completed her GED and has worked as a cook. (Tr. 82, 1027, 1037). The claimant alleges that she has been unable to work since October 1, 2002, due to seizures, memory problems, and blackouts. (Tr. 77-78, 753).

## Procedural History

On July 12, 2005, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. Her applications were denied. ALJ John Volz conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated April 2, 2008. (Tr. 13-21). The Appeals Council denied review, but this Court reversed on appeal in Case No. CIV-08-448-SPS, and remanded the case for further proceedings. (Tr. 767-775). ALJ Michael A. Kirkpatrick held a second administrative hearing and determined that the claimant was not disabled in a written opinion dated May 12, 2011. (Tr. 753-765). The Appeals Council again denied review, so ALJ Kirkpatrick's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant retained the residual functional capacity (RFC) to perform light work, *i. e.*, she could lift/carry twenty pounds occasionally, and ten pounds frequently, and stand/walk/sit six hours in an eight-hour workday. 20 C.F.R. §§ 404.1567(b), 416.967(b). The ALJ imposed the additional seizure-related limitations of no work in hazardous environments such as unprotected heights or near dangerous moving machinery. (Tr. 758). Although the ALJ determined that the claimant could not return to her past relevant work, he found that she was nevertheless not disabled because there was work she could perform in the regional and national economies, *e. g.*, cleaning, food production, or cashier. (Tr. 764).

## Review

The claimant contends that the ALJ erred: (i) by failing to properly evaluate the medical evidence, including the opinion of her treating physician Dr. Stephanie Childs; (ii) by failing to properly evaluate her obesity; (iii) by failing to properly consider her mental impairment; and (iv) by failing to properly evaluate her credibility. The Court finds the claimant's second and third contentions persuasive.

The ALJ found that the claimant had the severe impairments of seizure disorder, hepatitis C, obesity, and degenerative disc disease. The relevant medical evidence shows that the claimant has been treated for her seizure disorder since she was fourteen years old. (Tr. 723). Medical records reflect that she weighed 205.5 pounds at a consultative examination on August 17, 2007, and that she was considered obese. (Tr. 580).

As to her mental impairments, the claimant was treated at Carl Albert Mental Health Center (CAMHC), and records cover December 2007 through September 2009. (Tr. 608-625, 843-865). Notes indicate that the claimant did not keep a number of appointments. (Tr. 617, 856, 860, 862). On February 22, 2009, the claimant was admitted to CAMHC for audio hallucinations, and was discharged on March 9, 2009. The discharge summary indicate that the claimant's participation was inconsistent in counseling, medication training and support, as well as pharmacological management. (Tr. 855). On July 24, 2009, the claimant was admitted to CAMHC for suicidal ideation with a plan to overdose, and discharged on July 27 once her suicidal ideations had been managed. (Tr. 847). On September 26, 2009, the claimant was admitted to Atoka Memorial Hospital for a suicide attempt. (Tr. 950-960). Dr. Gordon B. Strom conducted a consultative examination on January 4, 2011. (Tr. 831-833). As relevant to this appeal, Dr Strom noted the claimant's obesity, as well as her history of posttraumatic stress disorder arising out of sexual abuse from different men in her family, and frequent depression. (Tr. 832). He concluded that the claimant did not have a "limiting exam," again noted her history of depression and seizure disorder without obvious neurologic deficit, and also noted her report that she could walk any distance, lift objects, stoop, and bend, but that she was compromised by obesity. (Tr. 833). His recommendation was that the claimant had limited job opportunities as the result of her seizure activity. (Tr. 833).

At the administrative hearing, the claimant testified regarding impairments. At the first hearing, the claimant testified that her two biggest problems were gran mal seizures and back problems. (Tr. 708). She testified that she left her last job and that she did not

get another one because she was in an accident in which she was hit by a car as a pedestrian. (Tr. 710). She testified as to her seizure disorder, including her medication regimen and the frequency of her seizures, which she estimated at around five a month. (Tr. 713). She also testified as to her two previous incarcerations related to methamphetamine production and use. (Tr. 715). She stated that stress increases the frequency of her seizures, and that she had no seizures while incarcerated in 2004 because she was stress free at that time. (Tr. 718-719). While incarcerated the second time, she completed a seven-month substance abuse treatment program. (Tr. 148, 716). At the second hearing, she testified that she had been drug-free since July 26, 2006, as well as to her seizure disorder, hepatitis C, and back problems. (Tr. 1028-1036).

In his written opinion at step four, the ALJ summarized the claimant's hearing testimony and much of the medical record. As to the claimant's mental impairment, the ALJ found the claimant's mental impairment to be nonsevere at step two, citing the treatment records from CAMHC, as well as the claimant's suicide attempt in July 2009. He then used boilerplate language to state that the nonsevere finding reflected the degree of limitation found at step four, and stated that the state agency physicians found the claimant's mental impairment nonsevere, and he gave those opinions great weight. (Tr. 756-757). At step three, the ALJ noted that the claimant's obesity did not meet a listing, and that he had evaluated her obesity under Social Security Ruling 02-1p. (Tr. 757). At step four, the ALJ made no mention of the claimant's obesity, and summarized Dr. Strom's consultative exam but made no mention of her other mental health treatment records. The ALJ then found that Dr. Strom's opinion was well-supported by the

-6-

evidence in the record and rejected the claimant's treating physician's opinion as to her seizure disorder, then adopted the state reviewing physician's opinions as to seizure-related limitations and found her capable of performing light work.

The claimant argues, *inter alia*, that the ALJ erred by finding the claimant's mental impairment to be nonsevere. Because the ALJ did find that the claimant had severe impairments, any failure to find the claimant's mental impairment severe at step two is considered harmless error because the ALJ would nevertheless be required to consider the effect of these impairments and account for them in formulating the claimant's RFC at step four. *See, e. g., Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) ("'At step two, the ALJ must 'consider the combined effect of all of [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity [to survive step two]. Nevertheless, any error here became harmless when the ALJ reached the proper conclusion that Mrs. Carpenter could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence."), *quoting Langley v. Barnhart,* 373 F.3d 1116, 1123-24 (10th Cir. 2004) and 20 C.F.R. § 404.1523. *See also Hill v. Astrue*, 289 Fed. Appx. 289, 292 (10th Cir. 2008) ("Once the ALJ finds that the claimant has *any* severe impairment, he has satisfied the analysis for purposes of step two. His failure to find that additional alleged impairments are also severe is not in itself cause for reversal. But this does not mean the omitted impairment simply disappears from his analysis. In determining the claimant's RFC, the ALJ is required to consider the effect of *all* of the claimant's medically determinable impairments, both those he deems 'severe' and those 'not

severe.'") [emphasis in original] [citations omitted].  But here the error *was not* harmless, because the ALJ entirely failed to account for the claimant's depression in assessing her RFC, despite a record of a suicide attempt in 2009.

Additionally, the ALJ found at step two that the claimant's obesity was a severe impairment, then ignored this "severe" impairment at step four.  An explanation should be provided when, as here, an impairment found to be severe at step two is determined to be insignificant in later stages of the sequential evaluation.  *Fleetwood v. Barnhart*, 211 Fed. Appx. 736, 741-42 (10th Cir. 2007) (noting that "obesity is [a] medically determinable impairment that [the] ALJ must consider in evaluating disability; that [the] combined effect of obesity with other impairments can be greater than effects of each single impairment considered individually; and that obesity must be considered when assessing RFC."), *citing* Soc. Sec. Rul. 02-1p, 2000 WL 628049, at *1, *5-*6, *7; *Baker v. Barnhart*, 84 Fed. Appx. 10, 14 (10th Cir. 2003) (noting that the agency's ruling in Soc. Sec. Rul. 02-01p on obesity applies at all steps of the evaluation sequence).  The ALJ should have explained why the claimant's obesity did not call for corresponding physical limitations.  *See Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996) ("[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as the significantly probative evidence that he rejects."), *citing Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir 1984).

The ALJ thus failed to properly assess the claimant's RFC at step four.  Consequently, the decision of the Commissioner should be reversed and the case

remanded for a proper analysis of the claimant's RFC by the ALJ. If such analysis results in any changes to the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether she is disabled.

## Conclusion

The Court hereby FINDS that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The Commissioner's decision is accordingly REVERSED and the case REMANDED for further proceedings consistent herewith.

**DATED** this 26th day of September, 2013.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma